(47 App. Div. 320.)

### In re SEYMOUR et al.

(Supreme Court, Appellate Division, Second Department. January 9, 1900.)

LIQUOR TAX CERTIFICATES—ACTION FOR REVOCATION—COSTS—COUNTY TREASURER.

In an action by citizens for the revocation of a liquor tax certificate under Liquor Tax Law, § 28, subd. 2 (Laws 1897, c. 312), where the county treasurer who issued the certificate was necessarily a party, it was error, on revoking the certificate under provisions for award of costs in discretion of court, to award costs against the county treasurer on the ground that he had not taken action to cancel the certificate when informed that the holder thereof had obtained it without the necessary consents, since the county treasurer is not chargeable, under the subdivision under which the action was brought, with the duty of endeavoring to procure the revocation of a certificate obtained without the necessary consents.

Appeal from supreme court, special term, Orange county.

Application by John C. Seymour and another for an order directing William F. Van Evera to deliver up for cancellation a liquor tax certificate held by him, and for an order directing Charles L. Mead, county treasurer of Orange county, to cancel the same. From orders awarding costs against the county treasurer, he appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

William E. Schenck, for appellant.
Caleb Birch, Jr., for respondents.

WILLARD BARTLETT, J. This proceeding was instituted under subdivision 2 of section 28 of the liquor tax law (Laws 1897, c. 312), by two nonofficial citizens, to procure the revocation and cancellation of a liquor tax certificate issued to William F. Van Evera by Charles L. Mead, as county treasurer of Orange county. It resulted in an order revoking the certificate, and directing that it be delivered up to be canceled, on the ground that material statements in the application of the holder were false, and that he did not have the neces-

sary consents required by the statute. The order of revocation charged the county treasurer with the costs and disbursements of the proceeding, to be paid out of any liquor tax funds in his hands, or which may hereafter come into his hands. There is no appeal by the liquor dealer whose certificate has been revoked, and the only respect in which the propriety of the order is questioned upon the appeal of the county treasurer is in regard to the provision awarding costs against that officer. The county treasurer was necessarily made a party to the proceeding. "Upon the presentation of the petition," says the statute, "the justice or court shall grant an order requiring the holder of such certificate, and the officer who granted the same, or his successors in office, to appear before him, or before a special term of the supreme court of the judicial district, on a day specified therein, not more than ten days after the granting thereof." Liquor Tax Law, § 28, subd. 2. The appellant, being the officer who granted the certificate, had to be brought into the proceeding by the petitioners. Being thus made a party, the judge or court was authorized, in the exercise of a judicial discretion, to charge him with costs, by virtue of the final clause of the subdivision cited, which provides:

"Costs upon such proceedings may be awarded in favor of and against any party thereto, in such sums as in the discretion of the justice or court before which the petition is heard, may seem proper."

That portion of the order of revocation which charges the appellant with costs payable out of excise moneys is preceded by a recital that it has been made to appear to Mr. Justice Barnard that some time prior to the institution of the present proceeding the county treasurer had been notified that William F. Van Evera was trafficking in liquor without the necessary consents, and that his application was fraudulent, and that the county treasurer had not taken any proceedings to cancel the certificate. In behalf of the appellant it is argued that the facts thus recited do not constitute a valid reason for awarding costs against him, inasmuch as under the law the county treasurer, as such, is not required to proceed against the holders of liquor tax certificates for the revocation and cancellation of the same on the ground that material statements in the application therefor were false. Such proceedings are authorized by subdivision 2 of section 28 of the liquor tax law to be instituted by "any citizen of the state." No authority to prosecute them is conferred by that subdivision upon any particular officer, as such. By section 29 of the act the county treasurer is empowered to maintain injunction proceedings against persons who shall unlawfully traffic in liquor without obtaining a liquor tax certificate, or shall traffic in liquors contrary to any provision of the statute, but the present proceeding was not of that nature. It was begun and conducted under subdivision 2 of section 28, and we think it quite clear that the appellant is right in his contention that a county treasurer is not chargeable under that subdivision with the duty of endeavoring to procure a judicial revocation of a certificate obtained without the necessary consents. The language of the subdivision makes this very plain, because the order to show cause is to run, not only against

the holder of the certificate, but the officer who granted the same. This is ordinarily the county treasurer, except in counties containing a city of the first class. It could hardly have been in the contemplation of the lawmakers that the county treasurer should be a petitioner and a respondent in the same judicial proceeding. The propriety of the award of costs in the present case is made to depend solely upon the single reason recited in the order of revocation, and we do not see how it can be sustained.

The authority to direct the costs to be paid out of the excise moneys is also questioned. It is argued that, inasmuch as the liquor tax law directs the distribution of all excise moneys within 10 days after they are received, there is no judicial power to provide for the disposition of any portion of such moneys by way of costs as is attempted in the order of revocation here. In section 29 of the liquor tax law, relating to injunction proceedings for unlawfully trafficking in liquors, there is an express provision to the effect that, if costs are awarded against the people of the state of New York, they shall be payable by the county treasurer, upon the certificate of the justice or court, out of any excise moneys which may be in his hands, or which may thereafter come into his hands. There can be no doubt about the authority of the officer to apply excise moneys in payment of costs under this provision. Indeed, the certificate directing payment of the costs out of such moneys in the present proceeding expressly purports to be made under section 29 of the liquor tax law. As already pointed out, however, the present proceeding was conducted, not under section 29, but under section 28, which does not authorize the award of costs out of excise moneys. The express grant of power to compel payment out of the excise moneys in a proceeding under one of these sections, and the omission of any like provision in the section immediately preceding it, is clearly significant of the legislative intention to authorize resort to the fund in one class of cases, but not in the other. For these reasons the orders, so far as appealed from, must be reversed.

Orders appealed from, so far as they charge appellant, Mead, with costs and disbursements, reversed, with $10 costs, and disbursements of this appeal. All concur.